FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

98 MAR 17 AM 9:57

U.S. DISTRICT COURT
N.D. OF ALABAMA

NANCY E. SHULMAN, }
    Plaintiff, }
v. } CASE NO. CV 97-B-0879-NW
PFL LIFE INSURANCE COMPANY, }
et al., }
    Defendants. }

ENTERED

MAR 17 1998

### MEMORANDUM OPINION

This case is before the court on the Motion to Remand filed by plaintiff, the Motion to Strike Claim for Punitive and Other Extra-Contractual Damages, the Motion to Strike Jury Demand, and the Motion to Dismiss State Common-Law Claims, filed by defendants. Upon consideration, the court is of the opinion that all of the above motions are due to be denied.

**Motion to Remand**

The present action was originally filed in the Circuit Court of Colbert County, Alabama. Defendants removed the action to this court on the basis of federal subject matter jurisdiction due to preemption by the Employee Retirement Income Security Act ("ERISA") and on the basis of diversity of citizenship. Plaintiff has moved to remand this action to state court.

Plaintiff's motion to remand is due to be denied. An action may be removed to federal district court if the district courts have original jurisdiction of that action. 28 U.S.C. § 1441. As will be discussed below, defendants have not shown that ERISA preempts the present action, but defendants have demonstrated that this court has jurisdiction on the basis of diversity of citizenship. Diversity jurisdiction exists where the controversy is between citizens of different

states and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C.A. § 1332(a). In the present action, plaintiff is a citizen of Alabama, defendant PFL Life Insurance Company ("PFL") is a corporation organized and existing under the laws of the State of Iowa with its principal place of business in Iowa, and defendant William Phipps is a citizen of the State of Mississippi. As to the amount in controversy, plaintiff seeks compensatory and punitive damages in the present action. Her "out-of-pocket" damages have been alleged to be in excess of $24,000, and she seeks additional compensatory damages for pain and suffering and mental anguish. Plaintiff also seeks unspecified punitive damages. In light of this evidence, defendants have shown by a preponderance of the evidence that the amount in controversy more likely than not exceeds $75,000.[1] *See Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996). Thus, defendants have shown that the court has jurisdiction, and the motion to remand is due to be denied.

**Motions to Strike and Motion to Dismiss**

Defendants' Motion to Strike Claim for Punitive and Other Extra-Contractual Damages, Motion to Strike Jury Demand, and Motion to Dismiss State Common-Law Claims are all based on the theory of ERISA preemption. The court is of the opinion, however, that the defendants have not shown that ERISA preempts the claims in the present action. Consequently, the motions are due to be denied.

---

[1] As defendants note in their memorandum in opposition to the motion to remand, if the court were to hold that ERISA preempts the plaintiff's state-law claims and precludes her demand for punitive damages, the amount in controversy would not exceed $75,000. If that were the case, however, the court would have subject matter jurisdiction on the basis of ERISA preemption, and the amount in controversy requirement would be inapplicable. Thus, either way, the court has jurisdiction.

Defendants argue that the insurance policy purchased from PFL through the National Association for the Self-Employed ("NASE") constitutes an employee welfare benefit plan as that term is defined under ERISA. Specifically, defendants argue that the policy was purchased by Shoal Vision Clinic, Inc. ("SVC") for the benefit of its employees, including plaintiff's husband Mark Shulman, the owner and sole shareholder of SVC, and at least two other employees. Plaintiff counters that the policy is an individual policy purchased by Mark Shulman and that SVC and Mark Shulman are not providing insurance for the employees of SVC.

Defendants are raising ERISA preemption as a defense to plaintiff's state-law claims and her requests for punitive damages and a jury trial. Defendants have the burden of proving the preemption defense. *See Settles v. Golden Rule Ins. Co.*, 927 F.2d 505, 508 (10th Cir. 1991) (citation omitted). Furthermore, in considering motions such as these, which are in the nature of a motion to dismiss, factual determinations must be made in the plaintiff's favor. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Cannon v. Macon County*, 1 F.3d 1558, 1565 (11th Cir. 1993) (citing *Scheuer*), *modified*, 15 F.3d 1002 (1994). The court is of the opinion that the defendants have not met their burden with regard to their various motions.

The question of whether or not ERISA preempts any or all of the present claims turns on whether or not the insurance policy purchased from PFL through the NASE is an employee benefit plan. *See Randol v. Mid-West Nat'l Life Ins. Co.*, 987 F.2d 1547, 1549 (11th Cir.), *cert. denied*, 510 U.S. 863 (1993). The policy at issue is not a pension benefit plan, *see* 29 U.S.C.A. § 1002(2)(A) (West Supp. 1997), so ERISA will not apply unless the policy is a welfare benefit plan. If the policy were such a plan, then ERISA would govern the plan and would preempt some or all of the present claims.

3

Interpreting the definition of "employee welfare benefit plan," 29 U.S.C. § 1002(1), the Eleventh Circuit held that:

> By definition . . . a welfare plan requires (1) a "plan, fund, or program" (2) established or maintained (3) by an employer or by an employee organization, or by both, (4) for the purpose of providing medical, surgical, hospital care, sickness, accident, disability, death, unemployment or vacation benefits, apprenticeship or other training programs, day care centers, scholarship funds, prepaid legal services or severance benefits (5) to participants or their beneficiaries.

*Donovan v. Dillingham*, 688 F.2d 1367, 1371 (11th Cir. 1982). Additionally, the Department of Labor ("DOL") has issued "safe harbor" regulations that preclude ERISA from covering group insurance that meets certain criteria. *See Randol*, 987 F.2d at 1550. Specifically, a group insurance program offered by an insurer to employees or members of an employee organization is not an "employee welfare benefit plan" if:

> (1) No contributions are made by an employer or employee organization;
> (2) Participation in the program is completely voluntary for employees or members;
> (3) The sole functions of the employer or employee organization with respect to the program are, without endorsing the program, to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer; and
> (4) The employer or employee organization receives no consideration in the form of cash or otherwise in connection with the program, other than reasonable compensation, excluding any profit, for administrative services actually rendered in connection with payroll deductions or dues checkoffs.

29 C.F.R. § 2510.3-1(j) (1997).

Applying *Donovan*, defendants have not proven all five elements of the test. The purchase of an insurance policy can constitute a "plan, fund, or program" under this test, *see Randol*, 987 F.2d at 1550, and SVC is an employer, but defendants have not proven the second, fourth and fifth elements of the *Donovan* test. They have not shown that SVC has established or maintained

the plan for the purpose of providing medical benefits to participants or their beneficiaries. Stated differently, defendants have not proven that employees other than Mark Shulman and his wife[2] are covered or that SVC is paying the premiums for the coverage of any other employees that might be covered.

Defendants have introduced evidence, in the form of an NASE Membership Enrollment Summary, that two alleged employees[3] of SVC applied for insurance from PFL at the same time that Mark Shulman did. Defendants have also introduced a check on an SVC account written to NASE for the amount of the enrollment fee for Mark Shulman and the two other employees. Defendants have not shown, however, that these other employees were actually covered by a group insurance policy or that SVC paid any part of the initial or any monthly premium for any such policy that exists. In fact, Nancy Shulman asserts just the opposite in her affidavit by stating that no group insurance policy was ever issued to SVC and that only a family insurance policy was issued to her husband, Mark Shulman.

The DOL regulations cited above are also applicable to the present inquiry. Under those regulations, an employer may take certain administrative steps to facilitate its employees getting insurance without establishing an employee welfare benefit plan under ERISA. The facts thus far

---

[2] DOL regulations state, inter alia, that a plan, program or fund is not an employee benefit plan if it covers only the sole shareholder of a business and his or her spouse. *See* 29 C.F.R. § 2510.3-3(b) & (c)(1) (1996).

[3] The copy submitted to the court is of such poor quality that the names of the two employees are not entirely legible. The names are legible enough to conclude that they are not Nancy and David Shulman, however.

presented by the defendants do not show that the insurance policy in question does not fit within this safe harbor.

Therefore, because defendants have not established the existence of an employee welfare benefit plan, the defendants have not met their burden of showing that ERISA preempts some or all of the present action. As a result, the court cannot say at this stage of the proceeding that the jury demand or the demand for extra-contractual and punitive damages are due to be stricken. Furthermore, the court is of the opinion that defendants have not shown that plaintiff's state-law claims are due to be dismissed. It may be that the court will need to revisit these issues as the case proceeds and the record is developed further. For now, however, the defendants' motions are due to be denied.

**DONE** this 16th day of March, 1998.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
United States District Judge